# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

RAHANEEN GORDON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-96

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Rahaneen Gordon ("Gordon"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a Petition for Writ of *Audita Querela*, or in the alternative, for a Writ of *Praecipe*, pursuant to 28 U.S.C. § 1651. (Doc. 1.) Gordon also filed a Request for Mandatory Judicial Notice. (Doc. 3.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Gordon's Petition and **DENY** Gordon *in forma pauperis* status on appeal.

## **BACKGROUND**

Gordon was convicted, after entering a guilty plea, in the District of West Virginia of distribution of 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). J., United States v. Gordon, 3:13-cr-59-GMG-MJA, (N.D.W. Va. June 17, 2014), ECF No. 59. Gordon was sentenced to 188 months' imprisonment with no restitution payment, but he was required to pay a $100 special assessment. Id. Gordon filed a direct appeal, and the Fourth Circuit Court of Appeals affirmed his conviction and sentence. United States v. Gordon, 592 F.

App'x 189 (4th Cir. 2014). Gordon is currently serving his sentence at FCI Jesup, which is within this District.

## DISCUSSION

In his Petition, Gordon avers he has the right to discharge his judgment pursuant to 28 U.S.C. § 3206 and has notified the Government of his desired discharge. (Doc. 1, p. 5.) Gordon contends the Government has "failed or refused to dishonor and return Judgment Debtor's payment for all costs and fees." (Id. at p. 2.) Gordon states he is petitioning this Court under the writ of *audita querela* "to provide relief against the consequences of the judgment on account of a defense or discharge arising since its rendition[.]" (Id. at p. 1.) In the alternative, Gordon contends this Court should grant him a writ of *praecipe* to command the Government to enter a satisfaction of judgment on the record of his criminal case.

The writ of *audita querela*, "Latin for 'the complaint having been heard,' was an ancient writ used to attack the enforcement of a judgment after it was rendered." United States v. Holt, 417 F.3d 1172, 1174 (11th Cir. 2005). The writ was typically employed by a debtor in a civil case to stop a judgment's execution "because of some defense or discharge arising subsequent to the rendition of the judgment." Id. "*Audita querela* is distinguished from *coram nobis* in that *coram nobis* attacks the judgment itself, whereas *audita querela* is directed against the enforcement, or further enforcement, of a judgment which, when rendered, was just and unimpeachable." United States v. Miller, 599 F.3d 484, 487 (5th Cir. 2010). "A writ of *audita querela* is now available only to attack a criminal judgment." Orlansky v. United States, 627 F. App'x 915 (11th Cir. 2015) (citing Fed. R. Civ. P. 60(e)).[1]

---

[1] Rule 60, enacted in 1948, abolished the writ of *audita querela*. Fed. R. Civ. P. 60(e). However, this writ "may still be available in appropriate circumstances in criminal proceedings notwithstanding the language of" Rule 60. United States v. Holder, 936 F.2d 1, 2 (1st Cir. 1991).

2

To the extent that Gordon argues the order of regarding the special assessment has become infirm due to circumstances after the entry of the order, some Circuits have recognized, "with some reservation, that the writ of *audita querela* might also survive in criminal adjudications, if there is a gap for it to fill" in the federal post-conviction remedial scheme. United States v. Miller, 599 F.3d 484, 487 (5th Cir. 2010) (citing United States v. Banda, 1 F.3d 354, 356 (5th Cir. 1993)); United States v. Reyes, 945 F.2d 862, 865 & n.5 (5th Cir. 1991); United States v. Holder, 936 F.2d 1 (1st Cir. 1991); United States v. Ayala, 894 F.2d 425, 429 (D.C. Cir. 1990); United States v. Kimberlin, 675 F.2d 866 (7th Cir. 1982). However, it is not clear if that authority would provide Gordon with the ability to bring an independent cause of action in this Court as opposed to petitioning the sentencing court. Ordinarily, a sentencing court retains jurisdiction over its order of judgment. See United States v. Joseph, 914 F.2d 780 (6th Cir. 1990); United States v. Smith, No. CR01-0057, 2010 WL 55484, at *3 (N.D. Iowa Jan. 6, 2010); United States v. Watson-El, No. 04-00181-01-CR-W-NKL, 2009 WL 1765007, at *2 (W.D. Mo. June 22, 2009); United States v. Holland, 380 F. Supp. 2d 1264, 1269 (N.D. Ala. 2005). As the Seventh Circuit Court of Appeals explained, "the district court must make clear in its order that it is retaining supervision and control over the defendants, including the payment of restitution, and that any problems encountered in the enforcement of the order, by either the probation department or the defendants, must be brought to the sentencing judge's attention for resolution by him." United States v. Boula, 997 F.2d 263, 269 (7th Cir. 1993).

Gordon's substantive arguments in support of the writ entirely lack legal support. There is absolutely no basis for Gordon's argument that, by delivering a note of personal indebtedness to the Government, he somehow satisfied his sentencing obligations. Gordon's "Accommodation Note" is worth less than the paper that it was written on, and the Government

was under no obligation to accept it. Obviously, if a defendant's unsecured promissory note satisfied judgment obligations and assessments, victims and the Government would consistently be left "holding the bag" of worthless paper.[2] (Doc. 4.)

Unsurprisingly, courts have categorically rejected similar attempts at "payment" made by other defendants. See, e.g., In re Smith v. Behavioral Sys. Sw., No. ED CV151226RT (PLA), 2015 WL 4607855, at *3 (C.D. Cal. July 30, 2015) ("[P]etitioner here has provided the Court with no evidentiary (or on-point legal) support for his claim that the alleged 'bond' or 'promissory note' that he discusses in his Exhibits to the Petition satisfies his outstanding restitution obligation. Indeed, none of the documents attached to the Petition demonstrates that petitioner has provided any acceptable payment to the Court that would discharge his restitution obligation in whole or in part."); Harris v. Rios, No. 1:11-CV-01722-BAM-HC, 2012 WL 913757, at *4 (E.D. Cal. Mar. 16, 2012) ("Petitioner cites no authority, however, and the Court is aware of none, that requires either a custodial authority or a sentencing court to permit a prisoner to satisfy a criminal judgment for a fine by a prisoner's service of the sentence, a promissory note, or unspecified personal property.").

For all of these reasons, the Court should **DISMISS** Gordon's Petition.

## II. Whether Gordon can Proceed Pursuant to the All Writs Act

Gordon asserts he is bringing his Petition for *Audita Querela* pursuant to 28 U.S.C. § 1651. That Act permits courts to "issue all writs necessary or appropriate in aid of their . . . jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Unlike a traditional collateral proceeding, an injunction under the All Writs Act is not predicated on a

---

[2] Gordon's "payment" to the Government is reminiscent of Lloyd Christmas' provision of a suitcase full of handwritten IOUs with the assurance, "That's as good as money, sir. Those are IOUs. Go ahead and add it up. Every cent's accounted for." *Dumb and Dumber* (New Line Cinema 1994).

4

cause of action.[3] Klay v. United HealthGroup, Inc., 376 F.3d 1092, 1100 (11th Cir. 2004). Rather, the movant "must simply point to some ongoing proceeding, or some past order or judgment [of the court], the integrity of which is being threatened by someone else's action or behavior." Id. However, "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." Pa. Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985). Consequently, Gordon cannot use the All Writs Act to collaterally attack a conviction or sentence where post-conviction relief is available through 28 U.S.C. § 2255. See Morales v. Fla. Dep't of Corr., 346 F. App'x 539, 541 (11th Cir. 2009). The fact that Gordon may not ultimately be able to obtain relief under Section 2255 because of procedural default, the statute of

---

[3] The All Writs Act permits for the issuance of injunctive relief. Only three types of injunctions may be issued by federal courts. Klay, 376 F.3d at 1097. They are: (1) statutory injunctions; (2) "traditional" injunctions; and (3) injunctions issued under the All Writs Act, 28 U.S.C. § 1651(a). Id. at 1097–99.

A statutory injunction is available only "where a statute bans certain conduct or establishes certain rights, then specifies that a court may grant an injunction to enforce the statute." Id. at 1098. "[T]he standards for granting statutorily-authorized injunctions are necessarily controlled by the statute itself." Id. Gordon does not cite any federal statutory scheme which supports his request for an injunction.

A "traditional" injunction is the type of injunction with which courts are perhaps most acquainted. A traditional injunction permits a temporary (or permanent) injunction where: (1) the movant has a substantial likelihood of (or actual) success on the merits of the underlying claim; (2) irreparable injury will result absent the injunction; (3) the threatened injury outweighs whatever damage the injunction may cause; and (4) the injunction would not have an adverse impact on the public interest. Id. at 1097. As the first factor makes clear, any motion or suit for a traditional injunction must be predicated upon a cause of action, such as nuisance, trespass, the First Amendment, etc., regarding which a plaintiff must show a likelihood or actuality of success on the merits.

There is no such thing as a suit for a traditional injunction in the abstract. Id. To the extent Gordon seeks injunctive relief through this cause of action, he does not predicate any of his putative requests for injunctive relief on any independent cause of action. Rather, his putative request for an injunction is the quintessential request for an injunction in the abstract.

limitations, or some other similar bar, does not provide grounds for the Court to invoke the All Writs Act. Id. (affirming district court's dismissal of petitioner's collateral attack on his conviction, brought pursuant to the All Writs Act, as a successive habeas petition "[b]ecause [petitioner] could not circumvent the statutory requirements for filing a successive § 2254 petition by invoking the All Writs Act[.]"); see also United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (common law writ of *audita querela* may not be granted when relief is cognizable under 28 U.S.C. § 2255).

Here, Gordon essentially asks this Court to invalidate his conviction and sentence, and this Court lacks jurisdiction over such a request. Such a request should be brought pursuant to 28 U.S.C. § 2255 in the district of Gordon's conviction.[4] Accordingly, the Court should **DISMISS** Gordon's cause of action for this reason, as well.

### III. Gordon's Motion for Writ of *Praecipe*

Gordon alternatively seeks the issuance of a Writ of *Praecipe*. A writ of *praecipe* may be available to federal courts under the All Writs Act, which, as stated in the preceding Section, permits federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). "In any case, a writ of *praecipe* amounts to a 'written motion or request seeking some court action.'" Rainey v. United States, No. CIV.A. 1:11-0699, 2012 WL 4320852, at *2 (S.D.W. Va. Sept. 20, 2012) (quoting Black's Law Dictionary, "*Praecipe*," (9th ed. 2009)). Here, Gordon seeks to have this Court order that his conviction and sentence be satisfied based on his offer of a release made to the Government. As stated above, this Court lacks jurisdiction over such a request. Consequently, the Court should **DISMISS** Gordon's alternative request for a Writ of *Praecipe*.

---

[4] Gordon filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in the district of his conviction, which is currently pending. Motion, United States v. Gordon, (N.D.W. Va. June 13, 2016), ECF No. 84.

6

## IV. Leave to Appeal *In Forma Pauperis*

The Court should also deny Gordon leave to appeal *in forma pauperis*. Though Gordon has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Gordon's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Gordon's Petition for Writ of *Audita Querela*, filed pursuant to 28 U.S.C. § 1651, (doc. 1), **CLOSE** this case, and **DENY** Gordon leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Gordon.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA